IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RELIANCE STANDARD LIFE | : | |
| INSURANCE COMPANY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| KARI MARIE REYES; TANYA CHASAR; | : | No. 11-6988 |
| and HELENA SCHAEFFER, | : | |
| Defendants. | : | |

**Norma L. Shapiro, J.**                                                                               September 28, 2012

## MEMORANDUM

Before the court is a motion to join third-party defendants under Federal Rule of Civil Procedure 14. This is an interpleader action brought by Reliance Standard Life Insurance Company ("Reliance"), which has since been dismissed from the action, against defendants Kari Marie Reyes, Tanya Chasar, and Helena Schaeffer. Roberto Reyes ("decedent") had a life insurance policy with Reliance. Upon decedent's death in 2011, $230,000 became payable under the policy. Decedent had designated as the policy's beneficiaries Kari Marie Reyes, decedent's wife; Tanya Chasar, decedent's sister-in-law; and Helena Schaeffer, decedent's sister. Each of the named beneficiaries was designated to receive 100% of the proceeds. Reyes, whose name appears first on the beneficiary designation form, claims that decedent meant for her to be the sole beneficiary of the policy and for Chasar and Schaeffer to be contingent beneficiaries who would receive 100% of the proceeds if Kari Marie Reyes predeceased Roberto Reyes. Accordingly, Kare Marie Reyes claims all of the proceeds. Chasar and Schaeffer, arguing that the proceeds are to be split equally, each claim one-third of the proceeds.

Interpleader defendant Kari Reyes filed a motion to join as third parties the International Brotherhood of Electrical Workers Local Union 380 and the International Brotherhood of Electrical Workers Local Union 380, Health & Welfare and Pension Plans (collectively, "IBEW respondents").[1] Reyes seeks to assert against IBEW respondents claims for breach of contractual obligations, negligence, and breach of fiduciary duty in failing to discover and correct decedent's improper beneficiary designation. For the reasons discussed below, the motion for joinder will be denied without prejudice to Reyes's filing a separate action against IBEW respondents at the appropriate time.

I.      The Applicability of Rule 14

The IBEW respondents argue that because there is no claim of liability against interpleader defendant Reyes, Rule 14 does not allow her to join third-party defendants. Rule 14 provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Because this is an interpleader action, IBEW respondents argue that there is no claim against Reyes for which IBEW respondents could be liable. Rather, Reyes only stands to gain from a favorable disposition.

IBEW respondents' argument construes Rule 14 too narrowly. In this action, Chasar and Schaeffer claim proceeds to which Reyes claims that she had an expectancy. Reyes seeks to hold IBEW respondents liable for her loss if she loses the instant action. Her claim depends on the outcome of the interpleader action because she will have no loss if she prevails. "A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way

---

[1] Reyes's motion also initially sought to re-join Reliance as a third-party defendant. That part of the motion was withdrawn by Reyes by a stipulation filed with the court.

dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." *F.D.I.C. v. Bathgate,* 27 F.3d 850, 873 (3d Cir. 1994); C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6, § 1446, at 355–58 (1990).

Courts in the Third Circuit have not addressed the specific issue of whether an *interpleader* defendant can bring third-party claims under Rule 14. A number of district courts in this circuit have addressed the analogous question of whether a defendant in a declaratory judgment action can implead a third-party defendant under Rule 14. In a declaratory judgment action, the defendant is not facing liability if it loses, but may be estopped from bringing a future claim against the plaintiff; in that context, Third Circuit district courts are split on the applicability of Rule 14.

In *U.S. Fire Insurance Co. v. Reading Municipal Airport Authority*, 130 F.R.D. 38 (E.D. Pa. 1990), an insurer brought an action for declaratory judgment against the Reading Municipal Airport Authority. The insurer sought a declaratory judgment that a certain insurance contract did not cover a claim for personal injury and property damage made against Airport Authority. *Id.* at 39. Airport Authority brought a third-party complaint against its insurance agent for negligence in securing the insurance contract and breach of contract. *Id.* The court denied joinder under Rule 14(a) because there was no claim against defendant Airport Authority for which the third-party defendant could be liable in whole or in part. *See also St. Paul Surplus Lines Ins. Co. v. Rhoads*, No. 88-3634, 1988 WL 127655, 1988 U.S. Dist. LEXIS 13484 (E.D Pa. Nov. 28, 1988) (in a declaratory judgment action by insurer to rescind an insurance policy, the defendant could not join its insurance agent as a third-party defendant because there was no claim against the defendant for which the insurance agent could be liable). These courts held

that because there could be no monetary judgment against the original defendant, there was no harm for which the third-party defendant could be liable.

Other courts in this circuit have held the contrary. In *State College Area School District v. Royal Bank of Canada*, 825 F. Supp. 2d 573 (M.D. Pa. 2011), the school district brought a declaratory judgment action against a bank for a declaration that a swap agreement was void and unenforceable. The bank sought to assert third-party claims against lawyers to the parties who had represented the agreement would be enforceable. *Id.* at 576-77. The bank sought to recover for negligent misrepresentation if the agreement were held void. *Id.* The court held that a declaratory judgment against the bank would constitute a loss for which the bank could hold the third-party defendants liable. *Id.* at 580-82. *See also Britamco Underwriters, Inc. v. B&D Milmont Inn, Inc.*, No. 95-CV-6039, 1996 WL 445355, 1996 U.S. Dist. LEXIS 11382 (E.D. Pa. Aug. 6, 1996) (in a declaratory judgment action by insurer seeking a declaration of noncoverage, defendant could join its insurance agents as third-party defendants liable for any damages that the defendant might incur if the court declared that the defendant was not covered under the insurance policy); *Monarch Life Ins. Co. v. Donahue*, 702 F. Supp. 1195, 1197 (E.D. Pa. 1989) (the fact that the relief sought by defendants (monetary damages) was "fundamentally different" from that demanded by plaintiff (declaratory judgment) did not prevent a third-party claim under Rule 14).

This court agrees with the reasoning of those courts that have permitted joinder under Rule 14 in a declaratory judgment action. Joinder is similarly permitted in this interpleader action. Although there is no claim against Reyes for monetary damages, she stands to suffer a harm, the loss of the full proceeds under the insurance policy, if judgment is against her in the interpleader action. Perhaps more importantly, the potential liability alleged in Reyes's third-

party complaint depends on the disposition of the interpleader action.  Rule 14 is applicable in this action.  *See Smithkline Beckman Corp. v. Pennex Products Co.*, 103 F.R.D. 539 (E.D. Pa. 1984) (Rule 14 should be liberally construed to accomplish in one proceeding "the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.").

II.     **Whether this Court Should, in Its Discretion, Grant the Motion for Joinder**

A defendant has a right to join a third-party defendant if it files the third-party complaint within 14 days of serving its original answer.  Fed. R. Civ. P. 14(a).  Otherwise, the defendant needs leave of court to join a nonparty.  *Id.*  In exercising its discretion to permit joinder, the court "must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case."  *Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971).

Joinder of the IBEW respondents would introduce new and complicated issues of state and federal law not implicated by the initial interpleader complaint.  If Reyes succeeds in the interpleader action, the IBEW respondents will be spared the expense of litigating these issues.  It will conserve time and money to determine first the allocation of the insurance policy proceeds.

Denial of the motion for joinder will be without prejudice.  If Reyes fails in the instant action, she can file a new action against the IBEW respondents.  The statute of limitations will not bar a future action because the torts upon which Reyes bases her claims will not be cognizable until the injury occurs.  *Cf. Katzenmoyer v. Allstate Ins. Co.*, No. 11-3427, 2012 WL 3764998, 2012 U.S. Dist. LEXIS 123483 (E.D. Pa. Aug. 30, 2012) (in an action brought against an insurer for bad faith refusal to settle, the statute of limitations began to run when the jury

rendered its verdict against the insured rather than when the insurer refused to settle the claim, because only then had the insured suffered damages).

## III.     Conclusion

The court will exercise its discretion to deny interpleader defendant Reyes's motion for joinder of IBEW respondents.  This denial is without prejudice to an action against IBEW following disposition of the pending action.  Since Reliance has been dismissed from this action, the court will re-align the parties and designate Reyes as plaintiff and Chasar and Schaeffer as defendants.  An appropriate order follows.